CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

October 24, 2024

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **ELMER T. PRESTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23CV00053 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **VIRGINIA COMMUNITY** | ) | JUDGE JAMES P. JONES |
| **COLLEGE SYSTEM,** | ) | |
| | ) | |
| Defendant. | ) | |

*Argued: Cerid E. Lugar, LUGAR LAW, Roanoke, Virginia, for Plaintiff; Katie M. DeCoster, SANDS ANDERSON PC, Richmond, Virginia, for Defendant.*

The plaintiff, a former Virginia community college employee, claims that his supervisors discriminated against him on the basis of his race and retaliated against him, all in violation of Title VII of the Civil Rights Act of 1964. The defendant has filed a Motion to Dismiss the Amended Complaint for insufficient service, time-barred factual allegations, a failure to meet federal pleading standards, and invalid state law claims. For the following reasons, I will grant in part and deny in part the Motion to Dismiss.

## I. BACKGROUND.

Plaintiff Elmer T. Preston worked for Virginia Highlands Community College (Highlands) for two periods, with the most recent being from 2017 until he was terminated on March 20, 2021. Preston is a Black man and worked as a housekeeper

at Highlands.  He alleges that employees at Highlands discriminated against him based on his race beginning in March 2020 and continuing through his termination.  His Amended Complaint also contains counts of retaliation and wrongful termination.

## A. Procedural history.

Preston filed a discrimination and retaliation charge with the Equal Employment Opportunity Commission on March 12, 2021.  He received a letter notifying him that it had been dismissed on September 6, 2023.  This letter advised Preston that he had 90 days to file a lawsuit on the charge.  He filed his first Complaint in this court on December 5, 2023, and named Highlands as the defendant.  Preston sought a Summons from the Clerk on April 2, 2024.[1]  Because Preston's attorney incorrectly labeled the proposed Summons request on the docket, the Clerk did not issue the Summons until May 14, 2024.[2]  The Vice President of Institutional Advancement at Highlands was served with the Summons and a copy

---

[1]  Preston stated in his Response to the Motion to Dismiss the Amended Complaint that the time between December 5, 2023, and April 2, 2024, was 105 days.  Pl.'s Resp. Mot. Dismiss 1, ECF No. 30.  However, April 2, 2024, was 119 days after December 5, 2023.

[2]  Pursuant to the Rules, a plaintiff presents a summons to the clerk and if it is properly completed, the clerk must sign, seal and issue it.  Fed. R. Civ. P. 4(b). It then may be served on a defendant along with a copy of the complaint. *Id*. 4(c)(1).

of the Complaint on May 20, 2024, which was 167 days after the filing of the Complaint.

Highlands filed a Motion to Dismiss and a Motion for a More Definite Statement.  In its Motion to Dismiss, Highlands argued that the original Complaint should be dismissed for insufficient process and insufficient service of process because Preston did not meet the 90-day deadline for service of a complaint under Rule 4(m) of the Federal Rules of Civil Procedure.  It also argued that Highlands was not a proper party because it is an arm of the Virginia Community College System (VCC System) and not an independent legal entity.

Preston filed a Motion for Leave to File an Amended Complaint on June 24, 2024.  He attached a proposed Amended Complaint to his motion.  The magistrate judge granted the motion and gave him 14 days from June 25, 2024, to do so.  On July 8, 2024, 13 days later, Preston filed his Amended Complaint.

The Amended Complaint removed Highlands as a defendant and replaced it with the VCC System.  It added two counts, one for retaliation under Title VII and Virginia state law, and another for wrongful termination under the Virginia Human Rights Act, Va. Code Ann. § 2.2-3905.B.1.  It also provided more detail to the factual allegations of the original Complaint, which had been earlier described in only three sentences.  Compl. 2, ECF No. 1.  And it added a claim for greater damages.  Am. Compl. 8, ECF No. 16.  Furthermore, the Amended Complaint

differed from the version he had attached to his Motion for Leave to file it.  Besides making a smaller number of factual additions, the second version of the Amended Complaint added to Count I a claim that the VCC System violated Preston's "Due Process pursuant to Administrative Procedures Standards of Conduct E."  Am. Compl. 5, ECF No. 16.

Two days later, the magistrate judge entered an order finding as moot Highland's Motion for a More Definite Statement on the basis of the Amended Complaint's filing.  On July 11, 2024, I found as moot the Motion to Dismiss.  I ordered that Preston "must serve process on the new party unless counsel for the new party waives service and/or files a motion or other responsive pleading." Minute Order, ECF No. 18.

Although Preston did not attempt to serve the new defendant, on July 22, 2024, the VCC System filed the present Motion to Dismiss the Amended Complaint. The VCC System's motion seeks dismissal under Rules 12(b)(4) and (5) because Preston had failed to timely serve Highlands or the VCC System within the 90 days required by Rule 4(m).  It also argues for dismissal under Rule 12(b)(6) for multiple reasons, including because the claims in the Amended Complaint are time-barred because they do not relate back to the original Complaint; because his discrimination claims dated prior to May 16, 2020, and retaliation claims dated prior to July 8, 2023, are time-barred; because he did not identify a comparator for his discrimination

claims; and because his due process claim was improperly pleaded and also time-barred.  Lastly, the VCC System urges dismissal under Rule 12(b)(1) on the ground that sovereign immunity bars Preston's state law claims.[3]

B. Facts.

I accept the following facts from the Amended Complaint as true for the purpose of evaluating the Motion to Dismiss.

Preston's remaining claims are that he was discriminated against on the basis of race and retaliation.  To support these claims, he alleges that his supervisors told him not to enter rooms marked with COVID sanitation signs or tape on the locks in March 2020, then reprimanded him for not cleaning those rooms.  They also gave him different assignments; told him to use a different restroom and breakroom; park in one parking spot; not use a state vehicle; and gave him different work parameters than they gave his white coworkers.

After Preston complained about the treatment to Highlands's President and Vice President, an outside investigator conducted a culture and climate assessment. The investigator, Kim Steiner, reported in August 2020 that there was evidence of racial discrimination against Preston and suggested remedies to Highlands.  She

---

[3] Preston withdrew his state law claims in his Response to the Motion to Dismiss. Pl.'s Resp. Mot. Dismiss 3, ECF No. 30.  To the extent that he attempted to bring a due process claim arising out of his termination as a state employee, Am. Compl. 5, ECF No. 16, he withdrew that claim as well.  Pl.'s Resp. Mot. Dismiss 3, ECF No. 30.  It is therefore not necessary to resolve his state law claims or his due process claim.

recommended that Highlands "[d]etermine remedies for protecting Mr. Preston from ongoing discrimination and what restitution should be made." Am. Compl. Ex. C at 18, ECF No. 16. Highlands implemented some changes in response to the report and Preston's complaints, but Preston alleges the disparate treatment continued.

After briefing and oral argument, the Motion to Dismiss is now ripe for disposition.

## II. STANDARD OF REVIEW.

Rule 12 provides a defense to a complaint on the basis of insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4)–(5).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In order to survive a motion to dismiss, the plaintiff must state "a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts. *Id.* A complaint does not need detailed factual allegations to survive a motion to dismiss; however, it must have more than labels and conclusions or a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION.

#### A.  Preston's Failure to Effect Timely Service of the Original Complaint.

Rule 4(m) requires that a plaintiff serve the defendant within 90 days of filing the complaint.  Preston did not serve Highlands until 167 days after he filed his original Complaint, and never made a request that I extend the time for service.  To add further complexity, Preston named the wrong defendant.  He should have named the VCC System.

Under Rule 4(m), "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m). "Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019), *as amended* (June 10, 2019).  Preston has not made any showing of diligence and therefore has not shown good cause for his failure to serve Highlands within the 90-day deadline.

To explain the failure to make timely service, Preston's counsel stated at the hearing on this Motion to Dismiss that she had relied on being notified by the Court's electronic filing system.  While it is correct that the Clerk normally dockets a 70-day notice of the required service date, such a notice was not docketed in this case.

Preston's counsel also asserted that she had another attorney working on the matter who had to step away from the practice to attend to health issues, but again, counsel of record is responsible for the case. A further delay between counsel's filing of a proposed Summons and the issuance of the Summons was attributed to a misunderstanding on counsel's part in labelling the proposed Summons on the docket.

All in all, I find that counsel has not made a showing of good cause under Rule 4(m).

Dismissing without prejudice either Preston's original Complaint before he had filed his Amended Complaint or dismissing the Amended Complaint itself would mean that his claims are time-barred, because the statute of limitations has since run on his ability to file a claim within 90 days of his receipt of the EEOC right-to-sue letter from September 6, 2023. A court may "relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." Fed. R. Civ. P. 4(m), advisory committee's note to 1993 amendment. The Notes explicitly mention a situation like Preston's: "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action." *Id.*

In its Motion to Dismiss, the VCC System does not argue that it would be prejudiced by an excusal of Preston's failure to timely serve Highlands within the Rule 4(m) deadline. However, the VCC System does argue that it would be

prejudiced if I find that the Amended Complaint relates back to the original Complaint. The Rules require that the VCC System receive notice of Preston's lawsuit within the Rule 4(m) period for the Amended Complaint to relate back. Fed. R. Civ. P. 15(c)(1)(C). The VCC System's argument about dismissal under Rules 12(b)(4) and 12(b)(5) and its argument about relation back both involve Rule 4(m), and the latter discusses the prejudice that the VCC System would suffer if the case is not dismissed for insufficient notice. As a result, I will reference the prejudice argument regarding relation back to inform my determination under Rules 12(b)(4) and 12(b)(5).

The VCC System argues that it would be prejudiced because it is entitled to repose. Reply Br. Supp. Mot. Dismiss Am. Compl. 3, ECF No. 31. It does not argue that there are witnesses no longer employed by Highlands or otherwise unavailable who may have had important information relating to Preston's claims. The VCC System does not assert that evidence was lost in the time between the expiration of Preston's right to sue according to the EEOC Notice Letter and Highlands's service, or in the time between the filing of the original Complaint and the Amended Complaint. While a defendant is entitled to repose following the expiration of the statute of limitations, that must be balanced with Preston's ability to present the merits of his claims.

I am reluctant to penalize Preston for his counsel's failure to properly serve both Highlands and the VCC System within Rule 4(m) deadline. Therefore, even though counsel did not attempt service until after the 90-day deadline had passed, I will excuse Preston's untimely service of Highlands.

Furthermore, although Preston did not serve the VCC System with his Amended Complaint, I did not require that he do so. Instead, my order directed him to serve the Amended Complaint unless the VCC System waived service or filed a motion. Minute Order, July 11, 2024, ECF No. 18. While the VCC System's counsel maintained at the hearing on this Motion to Dismiss that the VCC System did not waive service of the Amended Complaint, the VCC System does not challenge my order that excused the need for actual service in the event that the VCC System filed a motion or other responsive pleading.

For the reasons above, I will deny the VCC System's Motion to Dismiss under Rules 12(b)(4) and 12(b)(5).

## B. Dismissal under 12(b)(6).

### i. Relation Back of Preston's Amended Complaint.

Because Preston had 90 days from the receipt of his September 6, 2023, EEOC Notice Letter to file suit, his Amended Complaint will be barred by this statute of limitations if it does not relate back to the date of his original Complaint's filing of

December 5, 2023.  Under Rule 15(c)(1)(C), an amendment relates back to the date of the original pleading when:

> [T]he amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).  To satisfy Rule 15(c)(1)(B), the amendment must assert "a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).

Rule 15's "purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities."  6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1471 (3d ed. 2010).

First, Rule 15(c)(1)(B) is satisfied.  Preston added two new counts and provided additional detail in the first count in his Amended Complaint.  His original Complaint had few details, but it clearly labeled the discrimination claim as arising out of his treatment by Highlands employees during his employment there.  It described his treatment as consisting of being "reprimanded inappropriately, given different assignments, told to use different facilities, and given different work

parameters than white coworkers." Complaint 2, ECF No. 1. It also stated that Preston complained to his supervisor about the treatment, and that Highlands brought in an outside investigator "who found evidence of discrimination . . . and made suggestions" to Highlands on remedies. *Id.* It stated that Highlands made some changes in response to Preston's complaints, but his schedule was changed, and he was ultimately terminated.

In the Amended Complaint, Preston provides further detail to those allegations. He explains he was reprimanded inappropriately for not cleaning rooms with COVID sanitation signs on them even though he had been told not to clean those rooms. He explains that the different facilities he had to use were working out of a different closet, using a particular restroom, and parking in one spot. He also identifies the outside investigator as Kim Steiner and provided further details and an exhibit related to Steiner's report. And he provides detail on how his schedule was changed and his ultimate termination. These additional allegations were mentioned, albeit briefly, in the original Complaint, and expanded upon in the Amended Complaint. Therefore, I find that while the Amended Complaint asserts new claims, they arose out of the same "conduct, transaction, or occurrence" as his employment at Highlands.

Second, the Rules require that elements (i) and (ii) be met "within the period provided by Rule 4(m) for serving the summons and complaint." Fed. R. Civ. P.

Rule 15(c)(1)(C).[4]   The VCC System argues that "Preston's ability to relate the Amended Complaint back to the original Complaint depends on 'good cause' extensions under Rule 4(m)."   Mem. Supp. Mot. Dismiss 12, ECF No. 23.   As discussed above, I found that Preston has not shown good cause for his failure to timely serve Highlands with the original Complaint.   However, "Rule 15(c)'s notice period incorporates *any* extension of the 120-day period under Rule 4(m)."   *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (emphasis added) (citing Fed. R. Civ. P. 15, advisory committee's note to 1991 amendment) ("[T]his rule allows not only the 120 days specified in [Rule 4(m)], but also any additional time resulting from any extension ordered by the court pursuant to that rule.").[5]

---

[4]   The parties submitted supplemental briefing on the issue of whether, in the Fourth Circuit, Rule 15(c)(1)'s clause, "within the period provided by Rule 4(m) for serving the summons and complaint" requires that the party to be brought in by amendment receive notice within the Rule 4(m) period provided to serve the original complaint, instead of in the period provided to serve the amended complaint.   The VCC System's brief showed that it is the period provided to serve the original complaint that Rule 15(c)(1) contemplates.

[5]   The VCC System argues that a case Preston cites in his Response to the Motion to Dismiss should not be relied on in deciding whether the VCC System had actual notice of this action in a timely manner.   The case cited, *McGraw v. Gore*, 31 F.4th 844 (4th Cir. 2022), dealt with relation back when a pro se inmate effected service after the Rule 4(m) period was tolled during the court's frivolity screen.   The VCC System argued that the procedural posture of *McGraw* differs too much from this case to be applicable.   Reply Br. Supp. Mot. Dismiss Am. Compl. 4, ECF No. 31.   In *Robinson*, the court again dealt with a procedural posture involving the district court's screening of the in forma pauperis complaint.   603 F.3d at 608.   However, the Fourth Circuit's observation that Rule 15(c) incorporates any extension of the Rule 4(m) period did not depend on the aspects of the procedural posture that distinguishes it from this case.

As discussed above, Rule 4(m) provides for a court to relieve a plaintiff of the consequences of untimely service in a situation like this one.  I excused Preston's untimely service under Rule 4(m).  The effect of this is that Preston's time to serve Highlands in the original Complaint was extended to the day he effected service, which was May 20, 2024.  Therefore, I will decide whether Rules 15(c)(1)(C)(i)–(ii) were met by the date Preston served Highlands.

Rule 15(c)(1)(C)(i) requires that the VCC System "receive[ ] such notice of the action that it will not be prejudiced in defending on the merits" within the period provided by Rule 4(m), which I found was May 20, 2024.  As a general matter, Preston sought to add the VCC System as the defendant early in the litigation. Because the record has not yet been developed, prejudice to the VCC System is minimized.  *Campbell v. Jackson*, No. 94-1064-R, 1995 WL 790975, at *2 (W.D. Va. June 21, 1995) (considering the "early stage" of the litigation in deciding to permit a new party to be added as a defendant).

As I discussed above, the VCC System's argument that it will be prejudiced by my permitting relation back of the Amended Complaint is conclusory.  It does not point to specific witnesses or evidence that is unavailable because of Preston's untimely service or the time that has passed between the service of his original Complaint and the filing of his Amended Complaint.  While I recognize the VCC

-14-

System's interest in repose following the expiration of the statute of limitations, it has not shown prejudice such that relation back should be disallowed.

Notice of an action under Rule 15(c)(1)(C)(i) may take the form of actual or constructive notice. *Hodges v. S.D. Sch. of Mines & Tech.*, 634 F. Supp. 3d 638, 646 (D.S.D.), *on reconsideration in part on other grounds*, 647 F. Supp. 3d 761 (D.S.D. 2022). Preston argues that the VCC System had actual notice of his claim even before this action was filed. He cites Kim Steiner's appointment to investigate his allegations of discrimination in 2020 to show that the VCC System was aware of his claims years ago. Pl.'s Resp. to Suppl. Briefing 7, ECF No. 34. However, the rule requires that the VCC System received notice of the "action," not the claim. Fed. R. Civ. P. 15(c)(1)(C)(i).

Preston tries to further support his argument that the VCC System had actual notice by pointing out the close relationship between the VCC System and Highlands. Pl.'s Resp. to Suppl. Briefing 8, ECF No. 34. He relies on the identity of interest principle, which shows not actual but constructive notice. This principle "provides that added parties are deemed to have received constructive notice where the original and added parties are 'so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.'" *Benn v. Seventh-Day Adventist Church*, 304 F.

Supp. 2d 716, 725 (D. Md. 2004) (citation omitted).  To the extent Preston's argument is that the VCC System had actual notice, it fails.

However, the VCC System did have constructive notice of the action when Preston served Highlands on May 20, 2024.  As Preston argues, it is clear that Highlands and the VCC System have a close relationship.  Highlands stated in its Motion to Dismiss the Original Complaint that it "is not an independent legal entity and is instead merely an arm of the Virginia Community College System."  Def.'s Mot. Dis. Original Complaint 2, ECF No. 8.  And the VCC System is represented by the same attorneys as Highlands was, who knew or should have known that Highlands could not be sued and that the proper defendant was the VCC System. *Lacedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 129–30 (D.R.I. 2004) (holding that retention of same attorney supports constructive notice) (collecting cases).  The facts support finding that the VCC System had constructive notice of the action such that it will not be prejudiced to defend Preston's claims on the merits.

Finally, Rule 15 requires that the VCC System "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  It is clear from the Motions to Dismiss filed by Highlands and the VCC System that the VCC System knew or should have known that Preston would have named the VCC System as the original

defendant but for his mistake.  The VCC System does not argue against this point in its Motion to Dismiss, and I find that Preston has satisfied this requirement.

I recognize that the VCC System has an interest in repose.  But I must balance that interest with the policy allowing parties to have their day in court.  Dismissing the Amended Complaint for being time-barred would extinguish Preston's claims, and he meets the requirements of relation back under Rule 15(c)(1).  Because Preston meets those requirements, the Amended Complaint relates back to the original Complaint, and I will deny the VCC System's Motion to Dismiss on the grounds that the Amended Complaint is time-barred.

### ii. Identification of a Comparator for Preston's Discrimination Claims.

The VCC System argues that Preston has not identified any comparator for his disparate treatment claims, and that this requires dismissal of those claims.  On a motion to dismiss under Rule 12(b)(6), the issue is whether the claim is plausible.  Claims must be alleged so that they will "permit the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Preston alleges in his Amended Complaint that he was "reprimanded inappropriately, given different assignments, told to use different facilities, and given different work parameters than white coworkers."  Am. Compl. 3, ECF No. 16.  He further cites the Steiner Report, which appeared to conclude that racial

discrimination was involved because of its recommendation to "[d]etermine remedies for protecting Mr. Preston from ongoing discrimination and what restitution should be made."  Am. Compl. Ex. C at 18, ECF No. 16.  Taken together, the facts alleged in Preston's Amended Complaint go beyond the "mere possibility of misconduct" and have adequately stated a claim for relief.  *Iqbal*, 556 U.S. at 679.  I will deny the VCC System's Motion to Dismiss on the grounds that Preston has not adequately identified any similarly situated employees.

### iii.   Preston's Allegations of Discrimination Dated  Prior to May 16, 2020.

Under Title VII, an employee must first file an EEOC charge before filing suit.  The law requires that Virginia employees file such a charge within 300 days of the alleged discriminatory act.  42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002).  "Any subsequent complaint in federal court can only be premised on acts of discrimination that occurred within the applicable limitations period."  *Gilliam v. S.C. Dep't of Juv. Just.*, 474 F.3d 134, 139 (4th Cir. 2007).  Discrete acts of discrimination or retaliation, which are isolated and solitary in nature, that occurred prior to the 300-day limitations period are time-barred, even if they relate to an incident that occurred within the limitations period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111–13 (2002).  In contrast, if the continuing violation doctrine applies, the claim can be supported by acts that

occurred outside the limitations period as long as at least one of the acts contributing to the continuing violation occurred within the limitations period. *Id.* at 117.

At this stage of the litigation, Preston has alleged sufficient facts to establish that the pleading standard of Rule 12(b)(6) is met with respect to his theory of a continuing violation. *Bell Atl. Corp.*, 550 U.S. at 570.

Preston filed his EEOC charge on March 12, 2021. The VCC System argues that all of Preston's allegations of discrimination in this suit dated prior to 300 days before then, which is May 16, 2020, are time-barred because they involve discrete acts. However, Preston alleges in his Amended Complaint that he reported discriminatory treatment to the President of Highlands in June 2020, and that while the treatment began in March 2020, it continued until he was terminated in March 2021. As a result, the continuing violation doctrine may allow him to overcome any objection as to time-barred discrete acts so long as the acts are part of the same unlawful employment practice. *Nat'l R.R. Passenger Corp.*, 536 U.S. 115–17.

I will deny the VCC System's Motion to Dismiss so that Preston may further develop the record on this issue.

Applying the federal pleading standards to Preston's Amended Complaint permits his federal claims for discrimination and retaliation to move forward. Because Preston withdrew his state law claims and his due process claim, Count III, which relies only on state law, and the portion of Count I that attempted to bring a

due process claim, are no longer at issue.  His remaining claims are Count I and Count II to the extent they rely on Title VII.

### IV. CONCLUSION.

The VCC System's Motion to Dismiss, ECF No. 22, is GRANTED in part and DENIED in part.  The Motion is GRANTED as to Count I to the extent it contains a due process claim, to Count II to the extent it relies on state law, and to Count III.  It is DENIED as to Count I and Count II to the extent they rely on Title VII.

It is so **ORDERED**.

ENTER:   October 24, 2024

/s/  JAMES P. JONES
Senior United States District Judge