IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| ELMER T. PRESTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:23-CV-00053-JPJ-PMS |
| VIRGINIA COMMUNITY COLLEGE SYSTEM, | ) |
| Defendant. | ) |

## AMENDED ANSWER TO AMENDED COMPLAINT

Defendant Virginia Community College System ("Defendant"), by counsel, hereby files its Amended Answer to Plaintiff's Amended Complaint, pursuant to Rule 15(a)(1)(A) as a matter of course within 21 days after servings its Answer, and states as follows:

## INTRODUCTION

1. Elmer T. Preston brings causes of action under Title VII of the Civil Rights Act of 1964 (as amended), §§ 703(a), 704(a), and 706(g) (42 U.S.C. sec 2000e-2, 2000e-3(a), 2000e-5(g)), against Virginia Community College System arising from discrimination against him on the basis of his race and retaliation against him for his complaints about discrimination.

**ANSWER: This is a statement of the nature of the case that requires no response. Defendant denies any and all liability related to Plaintiff's causes of action.**

## PARTIES

2. Plaintiff, Elmer T. Preston is a resident of Washington County, Virginia, and was a permanent employee with Virginia Highlands Community College (VHCC) for two periods, most recently from 2017 until his termination on March 20, 2021. Mr. Preston is a Black man.

**ANSWER: Defendant admits only that Plaintiff is a Black man who was employed at VHCC for two periods, most recently from 2017 until his termination on March 20, 2021, for**

**excessive absenteeism/tardiness, performance issues, and failing to perform his job duties/assignments. The remaining allegations are either denied or VCCS lacks sufficient information to admit or deny.**

3. VHCC is located at 100 VHCC Drive, Abingdon, VA 24210, in Washington County.

**ANSWER: Admitted.**

4. VHCC is a college administered by the State Board for Community Colleges through the administrative entity known as Virginia Community College System (VCCS).

**ANSWER: Admitted.**

5. VHCC and Defendant VCCS serve Washington County and its environs.

**ANSWER: Denied.**

6. At all relevant times, Plaintiff was an "employee" of VCCS as defined by 42 U.S.C. § 2000e(f).

**ANSWER: This is a legal conclusion which requires no response.**

7. At all relevant times, VCCS was and is an "employer" as defined by 42 U.S.C. § 2000e(b).

**ANSWER: This is a legal conclusion which requires no response.**

## JURISDICTION AND VENUE

8. On or about March 12, 2021, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and pursuant to the EEOC's work sharing agreement with the Virginia Division of Human Rights (EEOC Charge No.: 438-2021¬00606 ("Charge of Discrimination"). Attached hereto as "Exhibit A".

**ANSWER: Defendant admits only that Plaintiff filed a Charge of Discrimination dated March 12, 2021, with the EEOC. The remaining allegations are denied.**

9. Plaintiff's Charge of Discrimination included the subject discrimination claims based upon his race (African American) as well as retaliation.

**ANSWER: Denied. The only box checked on the EEOC Charge is "retaliation."**

10. The EEOC issued a Dismissal and Notice of Rights dated September 20, 2023 ("Notice") with regard to the Charge of Discrimination. Attached hereto as "Exhibit B".

**ANSWER: Denied. The Determination and Notice of Rights is dated September 6, 2023.**

11. Plaintiff timely files this action less than ninety (90) days after his receipt of the Notice from EEOC.

**ANSWER: Denied. Defendant maintains that this action is barred by the statute of limitations.**

12. This Court has subject matter jurisdiction over this action pursuant to Title VII.

**ANSWER: This is a legal conclusion which requires no response.**

13. Venue for this action properly lies in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this action arose in Abingdon, Virginia, which is among the territories assigned to the Abingdon Division of the Western District of Virginia.

**ANSWER: This is a legal conclusion which requires no response.**

## ALLEGATIONS

14. Plaintiff was employed at VHCC as a housekeeper.

**ANSWER: Admitted.**

15. Plaintiff's last day of Employment was on or about March 20, 2021, or March 1, 2021.

**ANSWER: Defendant admits only that Plaintiff was terminated on or about March 20, 2021, for excessive absenteeism/tardiness, performance issues, and failing to perform his job duties/assignments. The remaining allegations are denied.**

16. As a result of the discrimination perpetrated by Defendant's employees and maintained by the Defendant due to failure to protect Plaintiff from such discrimination, the Plaintiff was terminated.

**ANSWER: It is admitted only that Plaintiff was terminated for excessive absenteeism/tardiness, performance issues, and failing to perform his job duties/assignments. All remaining allegations are denied.**

## COUNT I - DISCRIMINATION

17. Plaintiff incorporates by reference and realleges each allegation set forth above.

**ANSWER: Defendant incorporates by reference and reasserts its responses to each allegation set forth above.**

18. Plaintiff, a Black man, was reprimanded inappropriately, given different assignments, told to use different facilities, and given different work parameters than white coworkers.

   **ANSWER: Denied.**

19. In March 2020, Plaintiff was instructed to not enter rooms with COVID sanitation signs on them or tape on the locks.

   **ANSWER: Denied.**

20. On or about March 29, 2020, the college Police Chief, Kevin Widener, and administrative assistant, Kayla Davidson, reprimanded Plaintiff for not cleaning rooms with COVID sanitation signs on them or tape on the locks.

   **ANSWER: Denied.**

21. In the March 29, 2020, meeting, Kayla Davidson informed Plaintiff that he would be removed from his work area; assigned to work out of a closet in another building; use only one restroom; use one breakroom; park in one spot; and would not be allowed to use a state vehicle.

**ANSWER: Denied.**

22. Plaintiff complained to VHCC Vice President, Laura Pennington, and VHCC President, Adam Hutchison, about his disparate treatment.

**ANSWER: Defendant admits only that Plaintiff spoke with VHCC President, Adam Hutchison. The remaining allegations are denied.**

23. Defendant brought in an outside investigator, Kim Steiner, to conduct a culture and climate assessment.

**ANSWER: Defendant admits only that a human resource professional not employed by VHCC, Kim Steiner, was selected to conduct a culture and climate survey. The remaining allegations are denied.**

24. On or about August 11, 2020, Kim Steiner provided her report and indicated she found evidence of discrimination against Plaintiff based on his race and made suggestions to Defendant on possible remedies. Attached hereto as "Exhibit C" and hereinafter referred to as "Steiner's Report".

**ANSWER: It is admitted only that Kim Steiner provided a report dated August 11, 2020. Defendant denies Plaintiff's purported characterization of the Steiner Report. The Steiner Report speaks for itself and is the best evidence of its contents, and any allegations not specifically stated therein are denied. Further, Defendant does not admit to the accuracy of any statements or conclusions in the Steiner Report.**

25. Steiner's Report implicated disparate treatment and lack of accountability. The report further indicated that because of the lack of accountability, "the circumstances surrounding the situation with Mr. Preston" are "that much starker".

5

**ANSWER: Defendant denies Plaintiff's purported characterization of the Steiner Report. The Steiner Report speaks for itself and is the best evidence of its contents, and any allegations not specifically stated therein are denied. Further, Defendant does not admit to the accuracy of any statements or conclusions in the Steiner Report.**

26. Steiner's Report indicated a recurring theme in conversation "is that some full-time employees are not held accountable for completing work".

**ANSWER: Defendant denies Plaintiff's purported characterization of the Steiner Report. The Steiner Report speaks for itself and is the best evidence of its contents, and any allegations not specifically stated therein are denied. Further, Defendant does not admit to the accuracy of any statements or conclusions in the Steiner Report.**

27. Steiner's Report also indicated that "more than one individual in a supervisory role shared blatantly racist comments either regarding their supervisory style and/or the purpose of [Steiner] being asked to interview them".

**ANSWER: Defendant denies Plaintiff's purported characterization of the Steiner Report. The Steiner Report speaks for itself and is the best evidence of its contents, and any allegations not specifically stated therein are denied. Further, Defendant does not admit to the accuracy of any statements or conclusions in the Steiner Report**

28. Additionally, Steiner's Report discussed that an apparent conflict of interest occurred "in having Ms. Davidson take disciplinary action against an employee who has had a falling out with her stepfather, with information that was clearly provided by her stepfather."

**ANSWER: Defendant denies Plaintiff's purported characterization of the Steiner Report. The Steiner Report speaks for itself and is the best evidence of its contents, and any allegations not specifically stated therein are denied. Further, Defendant does not admit to the accuracy of any statements or conclusions in the Steiner Report.**

29. When discussing Mr. Preston's treatment, Steiner's Report states "the lack of accountability makes the treatment of Mr. Preston stand out that much more an outlier," that "one individual went so far as to say that Mr. Preston should be grateful for the 'help' he received because it was intended to take away temptation that would keep him from doing his work and wasn't real discipline, just luxuries being taken away".

**ANSWER: Defendant denies Plaintiff's purported characterization of the Steiner Report. The Steiner Report speaks for itself and is the best evidence of its contents, and any allegations not specifically stated therein are denied. Further, Defendant does not admit to the accuracy of any statements or conclusions in the Steiner Report.**

30. Steiner's Report recommended "diversity, equity, and inclusion training with all employees".

**ANSWER: Defendant denies Plaintiff's purported characterization of the Steiner Report. The Steiner Report speaks for itself and is the best evidence of its contents, and any allegations not specifically stated therein are denied. Further, Defendant does not admit to the accuracy of any statements or conclusions in the Steiner Report.**

31. Steiner's Report further recommended that "remedies for protecting Mr. Preston from ongoing discrimination and what restitution should be made" should be determined.

**ANSWER: Defendant denies Plaintiff's purported characterization of the Steiner Report. The Steiner Report speaks for itself and is the best evidence of its contents, and any allegations not specifically stated therein are denied. Further, Defendant does not admit to the accuracy of any statements or conclusions in the Steiner Report.**

32. Defendant made some changes in response to Plaintiff's complaints and the Steiner's Report, but disparate treatment continued. Most of the changes were more cumbersome and punitive to Mr. Preston.

**ANSWER: Defendant admits to making changes to the workplace after the Steiner Report was issued. The remaining allegations are denied.**

33. Such disparate treatment meant Mr. Preston's job duties changed, his hours were changed to his detriment, he was targeted and accused of not performing his job (despite never having ever been written up before for poor work performance), required to attend meetings on his off days without pay, changing his mechanism of signing in to his detriment, to name a few.

**ANSWER: Denied.**

34. Likewise, on or about December 19, 2020, Plaintiff was given a written counseling memo about performance, and challenged the accuracy of many of the items listed.

**ANSWER: Defendant admits only that on or about December 19, 2020, Plaintiff was given a written counseling memo regarding performance and attendance issues and that Plaintiff responded. The remaining allegations are denied as written.**

35. On or about January 27, 2021, Plaintiff's schedule was changed. Plaintiff's approved 2-day 10-hour work week was changed to 12-hour shifts.

**ANSWER: Denied.**

36. Defendant violated Plaintiff's Due Process pursuant to Administrative Procedures Standards of Conduct E. Attached hereto as "Exhibit D" and herein after referred to as the "Due Process Clause".

**ANSWER: This claim has been dismissed by Order dated October 24, 2024 [ECF No. 35] and thereby does not require a response. To the extent a response is required, the claim is denied.**

37. The Due Process Clause requires that prior to disciplinary action, including written notices, and terminations, "employees must be given oral or written notification of the offense, an explanation of the agency's evidence in support of the charge, and a reasonable opportunity to respond".

Pageid#: 203

**ANSWER: This claim has been dismissed by Order dated October 24, 2024 [ECF No. 35] and thereby does not require a response. To the extent a response is required, the claim is denied.**

38. Despite Plaintiff's attempts to address his disparate treatment with supervisors, and without notice or a reasonable opportunity to respond, Plaintiff was terminated.

**ANSWER: This claim has been dismissed by Order dated October 24, 2024 [ECF No. 35] and thereby does not require a response. To the extent a response is required, the claim is denied.**

## COUNT II - RETALIATION

39. Plaintiff incorporates by reference and realleges each allegation as set forth above.

**ANSWER: Defendant incorporates by reference and realleges its responses to each allegation as set forth above.**

40. As discussed above, Plaintiff complained to VSCC [*sic*] (including, specifically the Vice President and President of VHCC) about the racial discrimination, being given different assignments, told to use different facilities, and given different work parameters than white coworkers.

**ANSWER: Defendant admits only that Plaintiff spoke with VHCC President, Adam Hutchison. The remaining allegations are denied.**

41. Plaintiff had a good faith belief that Defendant violated his rights under Title VII of the Civil Rights Act of 1964 and Virginia Code §40.1-27.3.

**ANSWER: Denied. Additionally, any claim relating to Virginia Code § 40.1-27.3 has been dismissed by Order dated October 24, 2024 [ECF No. 35], and thereby does not require a response. To the extent a response is required, the claim is denied.**

42. In response, Defendant retaliated against Plaintiff for complaining about discrimination by significantly increased Plaintiff's work assignments, changed Plaintiff's schedule and subsequently terminated Plaintiff.

**ANSWER: Denied.**

43. Defendants knew, or showed reckless disregard for the fact, that these retaliatory actions against Plaintiff were prohibited by the Civil Rights Act of 1964.

**ANSWER: Denied.**

44. Due to the actions of the Defendant, Plaintiff suffered lost wages and benefits, damage to his reputation, and emotional and mental distress, including, but not limited to, humiliation and embarrassment, all of which are continuing.

**ANSWER: Denied.**

## COUNT III – WRONGFUL TERMINATION

45. Plaintiff incorporates by reference and realleges each allegation set forth above.

**ANSWER: This claim has been dismissed by Order dated October 24, 2024 [ECF No. 35] and thereby does not require a response. To the extent a response is required, the claim is denied.**

46. As discussed, Plaintiff had a good faith belief that Defendant was violating his rights under Virginia Human Rights Act - Virginia Code §2.2-3905 B.1.

**ANSWER: This claim has been dismissed by Order dated October 24, 2024 [ECF No. 35] and thereby does not require a response. To the extent a response is required, the claim is denied.**

47. Plaintiff was targeted, alienated and treated disparately because of his race.

**ANSWER: This claim has been dismissed by Order dated October 24, 2024 [ECF No. 35] and thereby does not require a response. To the extent a response is required, the claim is denied.**

48. In response to complaints made by Mr. Preston, the Defendant retaliated against Plaintiff for complaining about discriminatory practices by significantly increasing Plaintiff's work assignments, changing Plaintiff's schedule, and subsequently terminating Plaintiff.

**ANSWER: This claim has been dismissed by Order dated October 24, 2024 [ECF No. 35] and thereby does not require a response. To the extent a response is required, the claim is denied.**

49. Defendants treated Mr. Preston differently due to his race and ultimately terminated him due to their race-based practices.

**ANSWER: This claim has been dismissed by Order dated October 24, 2024 [ECF No. 35] and thereby does not require a response. To the extent a response is required, the claim is denied.**

50. Due to the actions of the Defendant, Plaintiff suffered lost wages and benefits, damage to his reputation, and emotional and mental distress, including, but not limited to, humiliation and embarrassment, all of which are continuing.

**ANSWER: This claim has been dismissed by Order dated October 24, 2024 [ECF No. 35] and thereby does not require a response. To the extent a response is required, the claim is denied.**

**Defendant denies that Plaintiff is entitled to the remedies sought in Plaintiff's "Relief Requested" beginning on page 7 of the Amended Complaint, including all relief sought in subparagraphs A. through O.**

**Defendant denies all allegations contained in the Amended Complaint that are not explicitly admitted above and calls for strict proof thereof.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

11

The Amended Complaint is barred by the statute of limitations, does not relate back, and fails to state a claim upon which relief can be granted, as set forth in Defendant's Motion to Dismiss and its subsequent briefs thereon.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has not obtained comparable employment subsequent to termination, Plaintiff has failed to mitigate any damages.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any injury or harm, which is denied, Plaintiff's damages have been caused by his own conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish that Defendant did not take adequate steps to ensure that Plaintiff was not subject to discrimination.

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant has acted in good faith to comply with all laws governing unlawful discrimination.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is **barred** because Plaintiff failed to put Defendant on notice of any alleged misconduct in a timely manner, failed to take advantage of preventative or corrective opportunities provided by Defendant, and failed to provide Defendant a reasonable opportunity to stop any alleged misconduct.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because Defendant failed to exhaust all administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's alleged actions were based on legitimate, non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some, or all of the relief requested because he has failed to establish that Defendant's actions were intentional, malicious, egregious, in bad faith, or in willful or reckless indifference to any of his protected rights.

## TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to the same factor inference that discrimination was not a determining factor for the adverse action taken against Plaintiff by the Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages against Defendant because Defendant is a state and/or government agency.  42 U.S.C.A. § 1981a.

## TWELFTH AFFIRMATIVE DEFENSE

Any compensatory damages are subject to the statutory caps in 42 U.S.C.A. § 1981a.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add such additional and further defenses that may develop up and through the trial of this matter.

Date:  November 26, 2024                                    VIRGINIA COMMUNITY
                                                            COLLEGE SYSTEM

                                                            By Counsel

 */s/ Faith A. Alejandro*
Faith A. Alejandro (VSB No. 80076)
Katie M. DeCoster (VSB No. 82696)
Lindsay Bunting Eubanks (VSB No. 94686)
SANDS ANDERSON PC
919 East Main Street, Suite 2300 (Zip: 23219)
P.O. Box 1998
Richmond, Virginia 23219
Office: (804) 648-1636
Fax: (804) 783-7291
Email: falejandro@sandsanderson.com
       kdecoster@sandsanderson.com
       lbuntingeubanks@sandsanderson.com
*Counsel for Virginia Community College System*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

        */s/ Faith A. Alejandro*
Faith A. Alejandro (VSB No. 80076)
SANDS ANDERSON PC
919 East Main Street, Suite 2300 (Zip: 23219)
P.O. Box 1998
Richmond, Virginia 23219
Office: (804) 648-1636
Fax: (804) 783-7291
Email: falejandro@sandsanderson.com
*Counsel for Virginia Community College System*